IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHUAISHUAI ZHANG,

    Petitioner,

v.                                            2:26-cv-01016-KG-LF

MARY DE ANDA-YBARRA, et al.,

    Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Shuaishuai Zhang's Petition for a Writ of Habeas Corpus, Doc. 1, and the Government's Response, Doc. 8.  Because Petitioner presents a purely legal question, the Court declines to hold a hearing, *see* 28 U.S.C. § 2243, and grants his petition for the reasons below.

### I.    *Background*

Petitioner, a native and citizen of China, entered the United States in February 2025 without inspection or parole.  Doc. 1 at 2.  The Department of Homeland Security ("DHS") apprehended him shortly after entry and placed him in removal proceedings under 8 U.S.C. § 1229a.  Doc. 1 at 8; Doc. 8-1 at 3.  Petitioner filed a Form I-589 application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").  *Id.*

On January 20, 2026, an immigration judge ("IJ") accepted Petitioner's conditional withdrawal of his I-589 application in exchange for an order of removal to Mexico.  *Id.* Petitioner's appeal of that decisions remains pending with the Board of Immigration Appeals ("BIA").  *Id.*  He is currently detained at the Otero County Processing Center in Chaparral, New Mexico and has not been afforded a bond hearing.  *Id.*  Petitioner asserts that his continued

1

detention has exacerbated his serious physical and mental health conditions. *Id.* at 9. He has no criminal record. *Id.*

Petitioner argues that his detention violates the Immigration and Nationality Act ("INA") and the Fifth Amendment Due Process Clause. *Id.* at 10–12. He therefore seeks a bond hearing at which the Government must justify his detention. *Id.* at 12–13. The Government opposes the petition. *See* Doc. 8.

## II.     Standard of Review

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.    Analysis

The Court concludes that (A) Petitioner's detention violates the INA, (B) Petitioner's detention violates the Due Process Clause of the Fifth Amendment, and (C) release is warranted.

### A.     Petitioner's detention violates the INA.

The INA establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States. *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018). First, 8 U.S.C. § 1225 governs noncitizens who are detained at a port of entry or shortly after entry. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020). This includes noncitizens deemed to be "seeking admission" into the United States, 8 U.S.C. § 1225(a), as well as those placed in expedited removal proceedings under § 1225(b)(1). Absent exceptions irrelevant here, § 1225 "mandates detention and affords no bond hearing." *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.).

2

By contrast, 8 U.S.C. § 1226(a) sets forth "the default rule" for detaining noncitizens "already in the country." *Jennings*, 583 U.S. at 303.  Section § 1226(a) authorizes the arrest and detention of noncitizens, "on a warrant issued by the Attorney General...pending a decision on whether [they are] to be removed."  Under federal regulations, noncitizens detained under § 1226(a) are entitled to an individualized bond hearing at the "outset of detention." *Jennings*, 583 U.S. at 306.

Section 1226(a) governs here.  *See Barco Mercado v. Francis*, 2025 WL 3295903, at *13 (S.D.N.Y.) (collecting 362 district-court opinions nationwide and noting that challengers prevailed in at least 350 of them, in decisions by over 160 judges across fifty courts).[1]  Although Petitioner was apprehended shortly after entry, DHS placed him in full removal proceedings under § 1229a, removing him from the § 1225 framework and placing him within § 1226's detention scheme.  *See Jennings*, 583 U.S. at 306.  Moreover, while an IJ has issued a removal order, that order is not administratively final because Petitioner's appeal remains pending before the BIA.  Doc. 1 at 8.  Accordingly, Petitioner is detained pursuant to § 1226(a), and his prolonged detention without an individualized bond hearing violates the INA.

Moreover, this Court's prior decisions control.  The Government concedes that the material facts here are materially indistinguishable from those in *Patel v. Noem*, 2026 WL 103163 (D.N.M.), where the Court concluded that § 1226 governs.  *See* Doc. 8 at 2.  The Court has reached the same conclusion in numerous similar cases.  *See, e.g.*, *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *3 (D.N.M.); *Arroyo Lopez v. Noem*, 2026 WL 776332, at *3 (D.N.M.); *Aguilar v. Lyons*, 2026 WL 851237, at *2 (D.N.M.).  The Government acknowledges

---

[1] While the Fifth Circuit holds that "[w]hile [noncitizens] remain applicants" for admission, "they are...seeking admission," *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330, at *5 (5th Cir.), the Tenth Circuit has not yet addressed the question.

that these decisions control the outcome here if followed.  Doc. 8 at 2.  Because the Government

offers no new basis for Petitioner's continued detention, Petitioner is entitled to relief.

### B.    Petitioner's detention violates the Due Process Clause.

The Fifth Amendment's Due Process Clause prohibits the Government from depriving

any person of "life, liberty, or property, without due process of law[.]"  U.S. Const. amend. V.

"Freedom from imprisonment—from government custody, detention, or other forms of physical

restraint—lies at the heart of the liberty that [the Due Process] Clause protects."  *Zadvydas*, 533

U.S. at 690.  "It is well established that the Fifth Amendment entitles [noncitizens] to due

process of law in deportation proceedings."  *Reno v. Flores*, 507 U.S. 292, 306 (1993).  The

Government's power to admit or exclude aliens is no longer plenary once an alien enters the

country, because the Due Process Clause applies to "all persons."  *Landon v. Plasencia*, 459 U.S.

21, 32 (1982).  Given that § 1226(a) is controlling here, Petitioner "is entitled—as a right—to an

individualized bond hearing."  *Cortez-Gonzalez v. Noem*, 2025 WL 3485771, at *5 (D.N.M.).

Petitioner's continued detention without such review "constitutes an ongoing violation of [his]

right to due process."  *Id.*

### C.    The proper remedy is release.

The Court next turns to the appropriate remedy.  Federal courts are authorized under

§ 2243 to "dispose of [a habeas petition] as law and justice require" and possess broad discretion

to fashion appropriate relief.  *Clayton v. Jones*, 700 F.3d 435, 443 (10th Cir. 2012); *see also*

*Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (noting that a federal court "possesses

power to grant *any form of relief necessary* to satisfy the requirement of justice").  Given the

Government's conduct here, release is warranted.  *See Singh v. Carnes*, 2026 WL 446579, at *1

(D.N.M.) (ordering release where the Government "failed to articulate a legitimate interest in

4

Petitioner's continued detention"); *Palomeque-Carrion v. Bondi*, 2026 WL 895567, at *2 (D.N.M.) (same); *Alfaro Herrera v. Baltazar*, 2026 WL 91470, at *1 (D. Colo.) (same).

### IV.    *Conclusion*

For the reasons above, the Court orders that:

1. The Petition for Writ of Habeas Corpus, Doc. 1, is granted.

2. The Government shall release Petitioner within 24 hours of this Order and shall not impose any new conditions of release.

3. The Government is enjoined from redetaining Petitioner absent a predetention hearing before a neutral immigration judge under § 1226(a), at which the Government must establish, by clear and convincing evidence, that Petitioner poses a danger or flight risk.

4. The Government shall file a status report within 10 business days of this Order certifying compliance.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.